14-3572
*CSX Transp., Inc. v. Emjay Envtl. Recycling, Ltd.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand fifteen.

Present:
   ROBERT A. KATZMANN,
     *Chief Judge*,
   ROSEMARY S. POOLER,
   DENNY CHIN,
     *Circuit Judges*.

_____

CSX TRANSPORTATION, INC.,

  *Plaintiff-Appellee*,

    v.         No. 14-3572-cv

EMJAY ENVIRONMENTAL RECYCLING, LTD.,

  *Defendant-Appellant*.

_____

For Plaintiff-Appellee:   Paul D. Keenan and Christopher J. Merrick, Keenan Cohen & Merrick P.C., Jenkintown, Pennsylvania.

For Defendant-Appellant:   Brian Gardner, Cole Schotz P.C., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF**, it is **ORDERED**, **ADJUDGED**, and **DECREED** that the orders and judgment of the district court be and hereby are **AFFIRMED**.

Defendant-Appellant Emjay Environmental Recycling, Ltd. appeals from a grant of summary judgment to Plaintiff-Appellee CSX Transportation, Inc. on CSX's claims for unpaid sums owed to it by Emjay under three contracts and a promissory note. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo a district court's grant of summary judgment, resolving all ambiguities and drawing all reasonable inferences in favor of the non-moving party. *See Wrobel v. Cty. of Erie*, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We review for abuse of discretion a district court's evidentiary rulings that define the record for summary judgment. *See Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013).

Emjay's principal contention below and on appeal is that the district court lacks subject-matter jurisdiction over this suit under 28 U.S.C. § 1332 because the parties's citizenships are not completely diverse. Although CSX and Emjay are diverse, Emjay contends that CSX's claims belong not to CSX but to a joint venture that was formed between CSX and two other rail carriers, one of whom, New York & Atlantic Railway Company, is, like Emjay, based in New York. Because a joint venture takes the citizenships of each of its members, if there were a joint venture, the district court would have lacked jurisdiction over this action.

2

We analyze Emjay's contention that CSX had formed a joint venture under Florida law, the state law selected in the relevant contracts, which requires "(1) a common purpose; (2) a joint proprietary interest in the subject matter; (3) the right to share profits and duty to share losses; and (4) the right of joint control." *Pinnacle Port Cmty. Ass'n, Inc. v. Orenstein*, 872 F.2d 1536, 1539 (11th Cir. 1989). The district court found that, even if the contracts' drafting choice that defined "Carrier" as inclusive of the three rail carriers evidenced a common purpose, the elements of joint proprietary interest and the right of joint control were lacking.

We agree with the district court that these two essential elements were absent, and we also find lacking the element of the right to share profits and duty to share losses. Under the terms of the contracts, CSX was to receive a single rate from Emjay, a rate to which the other two rail carriers were not privy. CSX was obligated to pay the other two rail carriers rates to which Emjay was not privy, and CSX owed these payments no matter whether Emjay paid CSX. The principal contract provides that:

> [P]articipating Carriers other than CSX[], if any, acknowledge that they may not be parties to, and may not have access to, the Workbook and Rate/Revenue Agreements associated with this Contract. Such participating Carriers should reference their respective Rate/Revenue Agreements for particulars. Each of the participating Carriers is solely responsible for its portion of the subject transportation.

J.A. 102–03; *see also id.* at 112, 124. In this structure, *payments* are divided but not *profits*, and the other two rail carriers were under no duty to share CSX's losses in the event that Emjay refused payment. Moreover, each rail carrier used its own rail lines, personnel, cars, and equipment for its respective leg of the journey; each rail carrier was "solely responsible for its portion" and unable to control the actions of another. Accordingly, we affirm the district court's conclusion that it had subject-matter jurisdiction over this action, because the missing elements

3

of joint proprietary interest, sharing of profits and losses, and joint control defeat Emjay's theory of joint venture.

Emjay further contends that the grant of summary judgment was inappropriate because there was a genuine dispute over whether CSX breached the contracts' identical provisions that stated that CSX and the other rail carriers were to provide "rail contract carriage transportation service with reasonable dispatch." J.A. 101, 111, 123. Emjay representatives testified in deposition that they understood this provision to require no fewer than nine rail cars per day, so that CSX's failure to provide that number of rail cars constituted a breach of the contracts. We agree with the district court that Emjay's understanding constituted parol evidence that directly contradicted the unambiguous terms contained in each contract: "If a Carrier is to furnish cars, Carrier will do so on a non-guaranteed basis subject to availability and distribution considerations." *Id.* at 102; *see id.* at 112, 124. Accordingly, the district court correctly declined to consider Emjay's parol evidence and found that CSX had not breached the contract.

Finally, Emjay argues that the district court erred in considering as evidence at summary judgment the printouts from CSX's customer-shipping freight bills to show what Emjay owed under the contracts. We find no error in the district court's decision to consider these freight bills under the business-records exception to the hearsay rule. *See* Fed. R. Evid. 803(6). We have long accepted the logs of common carriers as trustworthy business records, *see Stein Hall & Co. v. S.S. Concordia Viking*, 494 F.2d 287, 291 (2d Cir. 1974), and the fact that CSX printed these logs from an electronic database does not alter our analysis, *see, e.g.*, *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 819–20 (9th Cir. 2002).

We have considered Emjay's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK